### ELIAS P. BROWN *vs.* WILLIAM H. FITCH.

The owner of a mowing machine delivered it to *A*, under an agreement by which *A* was to become the owner on paying a certain sum agreed on, part of which was to be paid down and the balance in installments at certain fixed times; the owner to have the right to retake possession on default of any of the payments. Before the first installment fell due *A* sold the machine to *B*, and default of payment being afterwards made the owner brought replevin against *B* without previous demand. On the trial *B* offered no evidence to show that he paid a valuable consideration or took the property in ignorance of the plaintiff's rights. Held—1. That if *B* claimed any rights from being a bonâ fide purchaser, the burden of proof was on him to show that he was such. 2. That *B* took no better title than *A* had himself, and that therefore the plaintiff could maintain the action without a previous demand.

REPLEVIN, to recover a mowing machine, claimed to be unlawfully detained by the defendant; brought to the Superior Court in Windham County, and tried to the court, on the general issue, before *Granger, J.*

The court found the following facts:—The plaintiff on the 10th of July, 1873, owned the mowing machine in question, and on that day made an agreement with one Armstrong under which the latter was to take the machine and pay the plaintiff $110 for it—$30 the next day and before using it, and the balance in four monthly installments of $20 each; the machine to remain the property of the plaintiff until the price was paid, and he to have the right to take it back into his possession on default of any payment agreed to be made. The first $30 not having been paid as agreed, the plaintiff was about to take possession of the machine, when at Armstrong's solicitation the time for payment was extended, Armstrong paying down $40, and agreeing to pay the balance in three monthly installments of $20 each and a fourth of $10. Before the first installment became due Armstrong sold the machine to the defendant; but when that installment fell due neither Armstrong nor the defendant paid it, and it was never paid. A few days after this installment fell due, the plaintiff, without having made demand on the defendant for the machine, brought the present action to recover possession of

it. The defendant offered no evidence to show that he paid Armstrong a valuable consideration or that he took it in ignorance of the plaintiff's rights.

Upon these facts the defendant claimed that the action could not be maintained, and requested the court so to rule. The court however ruled that no previous demand was necessary and rendered judgment for the plaintiff. The defendant moved for a new trial for error in this ruling of the court.

*S. Lucas,* in support of the motion.

*E. B. Sumner,* contra.

PARK, C. J. Before the defendant can claim the advantages of a bonâ fide purchaser from Armstrong, he must show affirmatively that he paid a valuable consideration for the property, and that the purchase was made in the belief that Armstrong was the owner. This he failed to do, and we think the ruling of the court in the circumstances of the case was correct. The property belonged to the plaintiff by the express terms of the contract between him and Armstrong, until Armstrong should pay the sum of one hundred and ten dollars in installments from time to time. When the sale was made to the defendant, but one installment of forty dollars had been paid. It was further agreed between the plaintiff and Armstrong, that if the latter should at any time make default in the payment of any installment the plaintiff should have the right to repossess himself of the property. Armstrong made such default in the payment of the second installment, and the plaintiff therefore had the right to take possession. Armstrong could convey to the defendant no greater right than he himself had, and it follows that the plaintiff had the same right to retake the property as against the defendant, that he had as against Armstrong.

A new trial is not advised.

In this opinion the other judges concurred.